Case 2:22-cv-00123   Document 17   Filed on 07/28/22 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
July 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT MARTIN, III, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:22-CV-00123 |
| STATE CLASSIFICATION COMMITTEE, | § § § § | |
| Defendant. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS CASE

Plaintiff Robert Martin, III, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that: (1) the State Classification Committee (SCC) be dismissed under the Eleventh Amendment as it is a state agency immune from suit; and (2) Plaintiff's deliberate indifference and substantive due process claims be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned

recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Polunsky Unit in Livingston, Texas.  Plaintiff's claims in this lawsuit arise primarily in connection with Plaintiff's transfer to and stay at the McConnell Unit in Beeville, Texas.

In his original complaint, Plaintiff sues the SCC.  (D.E. 1, pp. 1, 3).  Plaintiff claims that the SCC acted with deliberate indifference to Plaintiff's health by failing to protect him from danger.  (*Id.* at 4).  Plaintiff seeks monetary relief.  At the Court's direction, Plaintiff has filed a More Definite Statement. (D.E. 13).  Plaintiff alleges the following pertinent facts in his Original Complaint and More Definite Statement.

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).

On October 19, 2021, while confined at the Connally Unit in Kenedy, Texas, Plaintiff was stabbed multiple times by offender Fabien Sierra. (D.E. 13, pp. 1-2). Plaintiff suffered injuries to his face, hands, and neck. (*Id.* at 2). Thus, as of October 19, 2021, Plaintiff categorized offender Sierra as his enemy. (*Id.*).

On October 22, 2021, Plaintiff "was substantiated for" an Offender Protection Investigation (OPI). (*Id.* at 1). Plaintiff's OPI and transfer from the Connally Unit was not approved until December 7, 2021. (*Id.*). According to Plaintiff, Jane M. Cockerham from the Connally Unit as well the SCC approved the transfer at that time. (*Id.*; D.E. 14, p. 3)).

Plaintiff alleges he was improperly transferred to the McConnell Unit on December 1, 2021, which fell within the time frame for his OPI to be substantiated and approved. (*Id.* at 2). Plaintiff could not identify any members of the SCC who transferred Plaintiff to the McConnell Unit. (*Id.* at 3). Plaintiff and offender Sierra were housed at the McConnell Unit at the same time. (*Id.* at 2). An individual from the Connally Unit notified Plaintiff about Sierra being housed at the McConnell Unit. (*Id.*). Plaintiff initiated an OPI on December 3, 2021 due to his "enemy" being housed at the McConnell Unit. (*Id.* at 3). During Plaintiff's stay at the McConnell Unit, however, he was not assaulted or physically attacked by Sierra. (*Id.* at 2-3).

Plaintiff filed a Step 1 grievance on December 6, 2021, complaining about being housed in the same unit as Sierra. (D.E. 14, p. 1). The responding officer informed Plaintiff that, at the time he had filed his grievance, he had been reassigned to the Robertson Unit due to Plaintiff's "enemy on the McConnell Unit." (*Id.* at 2). The responding officer to

Plaintiff's Step 2 grievance concluded that Plaintiff had been "appropriately advised at the Step 1 level." (*Id.* at 4).

On or around December 6, 2021, Plaintiff was advised by McConnell Unit Captain Sturgis to file another OPI. (D.E. 13, p. 2). Plaintiff was transferred from the McConnell Unit on December 9, 2021, two days after his initial approval for transfer from the Connally Unit. (*Id.* at 3).

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the

improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Eleventh Amendment

"The Eleventh Amendment bars an individual from suing a state [or state agency] in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Plaintiff names only the SCC as a party defendant in this case.[2] The SCC, however, is a state agency immune from suit in a § 1983 action under the Eleventh Amendment. *See Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 154 (5th Cir. 1998); *Dietiker v. Collier*, No. 21-CV-00674, 2021 WL 5148023, at *3 (W.D. Tex. Oct. 14, 2021).

Accordingly, the undersigned respectfully recommends that Plaintiff's claims against the SCC be dismissed under the Eleventh Amendment. As discussed below, even if Plaintiff had identified appropriate SCC members as party defendants, he has failed to state an actionable constitutional claim.

### B. Deliberate Indifference to Health and Safety

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. An Eighth Amendment violation occurs when a prison official acts with

---

[2] The SCC, through its committee members, have authority to approve unit transfers for inmates. *See Allen v. Wheat*, No. 6:08cv482, 2010 WL 4226747, at *4 (E.D. Tex. Sep. 28, 2010).

deliberate indifference to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The test for deliberate indifference has both an objective and subjective prong. *Id.* at 839. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must establish that the defendants were aware of an excessive [or substantial] risk to the plaintiff's health or safety, and yet consciously disregarded the risk." *Cook v. Crow*, No. 1:20-CV-85, 2021 WL 6206795, at *3 (E.D. Tex. July 26, 2021) (citing *Farmer*, 511 U.S. at 397 and *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002)).

It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer*, 511 U.S. at 833. In order for prison officials to be held liable under the Eighth Amendment for failure to protect, a prisoner must prove that the official knew of and disregarded an excessive risk to the inmate's safety; was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and also drew the inference; and failed to take reasonable remedial action. *Id.* at 842-45; *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). The Fifth Circuit has

"consistently recognized … that 'deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.'" *Dyer v. Houston*, 964 F.3d 374, 381 (5th Cir. 2020) (quoting *Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 458-59 (5th Cir. 2001)). *See also Aguirre v. City of San Antonio*, 995 F.3d 395, 420 (5th Cir. 2021) ("Negligence or even gross negligence is not enough, the officials must have actual knowledge of the substantial risk"). The Supreme Court further explains that "an official's failure to alleviate a significant risk that he should have perceived but did not" falls short of constituting deliberate indifference. *Farmer*, 511 U.S. at 838.

Plaintiff's allegations, accepted as true, reflect that the SCC approved of Plaintiff's transfer from the Connally Unit on December 7, 2021, only weeks after he was attacked by offender Sierra on October 19, 2021. Plaintiff alleges no facts to suggest that he was in danger of further attacks by Sierra during this time period. It is unclear from Plaintiff's pleadings why he was moved to the McConnell Unit on December 1, 2021, or whether the SCC representatives played a role in approving the transfer to the McConnell Unit. However, Plaintiff's allegations indicate that he was transferred from the McConnell Unit only days after he initiated an OPI on December 3, 2021.

Plaintiff alleges no facts to suggest that he was physically attacked by Sierra at the McConnell Unit, that Plaintiff was housed in the same building or floor in the McConnell Unit, or that Plaintiff and Sierra ever came in close contact with each other. Once Plaintiff informed McConnell Unit officials of being housed in the same facility as his enemy, Plaintiff was moved to another unit facility where Sierra was not housed. Plaintiff provides

no facts to suggest that any member of the SCC was aware of Plaintiff being sent to the same unit where Sierra was housed and then consciously disregarded that risk by failing to take any remedial action. *See Parker v. Currie* 359 F. App'x 488, 490 (5th Cir. 2010) (concluding that prison officials did not act with deliberate indifference where they responded to allegations of danger by moving the prisoner from prison to prison or from one cell block to another).

Rather than show deliberate indifference to Plaintiff's health and safety, Plaintiff's allegations reflect at most that his transfer to the McConnell Unit was due to the negligence of SCC members in failing to account for Sierra being housed at the same unit.[3] *See Farmer*, 511 U.S. at 835 (explaining that "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety'"). Accordingly, the undersigned respectfully recommends that Plaintiff's deliberate indifference claim be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### C. Due Process

Plaintiff claims that his substantive due process rights were violated when he was transferred to the McConnell Unit on December 1, 2021, where his enemy was located. (D.E. 1, p. 4). A prisoner has a liberty interest only in freedoms from restraints that impose an atypical and significant hardship in relation to ordinary incidents of prison life, or in

---

[3] In a separate motion, Plaintiff acknowledged that his placement around his "enemy" at the McConnell Unit may not have been done intentionally. (D.E. 15, p. 2).

those that extend the length or duration of confinement. *See Sandin v. Conner*, 515 U.S. 472, 484-86 (1995).

Plaintiff's allegations, accepted as true, reflect that he was housed at the McConnell Unit for eight days where he had no contact with offender Sierra and was not subjected to physical harm. Plaintiff's allegations fail to suggest that he suffered restraint or punishment constituting an atypical or significant hardship.

Furthermore, Plaintiff does not have a liberty interest in being confined at a particular unit of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983) (recognizing that a prisoner has no liberty interest in being housed in any particular facility); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (explaining that inmates have no liberty interest in avoiding transfers to a prison having more adverse conditions of confinement). Accordingly, the undersigned respectfully recommends that Plaintiff's substantive due process claims be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

## V.     RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that: (1) the SCC be dismissed under the Eleventh Amendment as it is a state agency immune from suit; and (2) Plaintiff's deliberate indifference and substantive due process claims be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1). It is respectfully recommended further that this dismissal count as a "strike"

for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on July 28, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).