Case 2:22-cv-00123   Document 19   Filed on 08/23/22 in TXSD   Page 1 of 5
United States District Court
Southern District of Texas
**ENTERED**
August 23, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT MARTIN, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00123 |
| | § | |
| STATE CLASSIFICATION COMMITTEE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Plaintiff Robert Martin, III, a Texas inmate appearing pro se and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are United States Magistrate Judge Julie K. Hampton's Memorandum and Recommendation (M&R) and Martin's objections.  D.E. 17, 18.  The M&R recommends that the Court dismiss with prejudice Martin's claims as frivolous and/or for failure to state a claim upon which relief may be granted.  The M&R further recommends that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).  For the following reasons, the Court **OVERRULES** Martin's objections and **ADOPTS** the M&R.

### DISCUSSION

### I.  Standard of Review

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  As to any portion for which

no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## II. Martin's Objections

**Deliberate Indifference Standard.**  Martin argues that he is in emotional and mental distress due to the Defendant State Classification Committee's (SCC's) negligence in housing his "enemy" (inmate Fabien Sierra) in the same unit as Martin.  D.E. 18, pp. 1–2.  The M&R concludes that Martin's allegations—accepted as true—"reflect at most that his transfer . . . was due to the negligence of SCC members in failing to account for Sierra being housed in the same unit."  D.E. 17, p. 9.  As stated by the Magistrate Judge, "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  *Id*. at 9 (*citing Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  Martin's objections do not suggest that any member of the SCC was aware that he was sent to the same unit where Sierra was housed and then consciously disregarded that risk by failing to take any remedial action.  The objections simply reiterate the factual assertions from his complaint.  *Compare* D.E. 18, *with* D.E. 1, 13.  This is insufficient to state a cognizable objection to the M&R's analysis.  To be considered, an objection must point out with particularity an error in the magistrate judge's analysis. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely reurges arguments contained in the original petition).

Therefore, the Court adopts the Magistrate Judge's conclusion that Martin's deliberate indifference claim should be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

**Retaliation Claim.**  In his objections, Martin also states that he "feel[s] the State has retaliated against [him] due to the fact of the exhaustion of remedies an [*sic*] to have to file another grievance to notify of an 'Enemy.'" D.E. 18, p. 2 (citing *Morris v. Powell*, 449 F.3d 682, 687 (5th Cir. 2006)).  He feels "J. Back of the SCC retaliated against [him]" because J. Back "had days to answer the grievances pertaining [to] the attack." *Id.* at 3.  A retaliation claim was not raised before the Magistrate Judge.

Generally, a claim raised for the first time in objections to an M&R is not properly before the district court and therefore is waived. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g.*, *Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam).  Still, a court may construe an issue raised for the first time in an M&R objection as a motion to amend and may grant the motion when justice so requires. *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).  Nonetheless, a court may deny leave when there is "(1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) the amendment would be futile." *C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (citations omitted).  A proposed amended complaint is futile if it fails to state a claim under Rule 12(b)(6). *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016).

Martin does not allege facts to support a claim of retaliation. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (holding an inmate must either "produce direct evidence of retaliation" or "allege a chronology of events from which retaliation may plausibly be inferred"); *Morris*, 449 F.3d at 687 (finding officers' alleged actions in moving inmate to a less desirable job within the prison after he filed grievances against the officers did not rise to the level of actionable retaliation). Rather, Martin's allegations support the inference that the SCC appropriately responded to Martin's requests and grievances.

The M&R summarizes the facts alleged by Martin, including Martin's Offender Protection Investigation (OPI) process; transfer to McConnell Unit (where "enemy" Sierra was also housed) on December 1, 2021; initiation of OPI on December 3, 2021; filing of a Step 1 grievance on December 6, 2021; and transfer from the McConnell Unit (as requested) on December 9, 2021. D.E. 17, pp. 3–4 (citing D.E. 13, 14). And Martin alleges no actions of retaliation after filing his Step 2 grievance on February 14, 2022.[1]

Alternatively, the Court construes Martin's statement regarding grievances and retaliation to be a complaint about the requirement to exhaust administrative remedies. However, both the Supreme Court and Fifth Circuit have reiterated the necessity of exhausting prison grievance procedures before seeking judicial relief. *Porter v. Nussle*, 534 U.S. 516 (2002) (citing Prison Litigation Reform Act, wherein Congress enunciated this requirement); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). The

---

[1] J. Back investigated the Step 2 grievance and informed Martin that he was "appropriately advised at the Step 1 level." D.E. 14, p. 4. J. Back noted that records reflect Martin is appropriately assigned and not in the same unit as Sierra. *Id.*

purpose of the exhaustion requirement is to give the administration "notice and an opportunity to resolve internal problems . . . ." *Rosa v. Littles*, 336 F. App'x 424, 429 (5th Cir. 2009).

Because the Court finds the facts do not support a claim of retaliation, the Court **DENIES** the implied request to amend.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the M&R, as well as Martin's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Martin's objections and **ADOPTS** the findings and conclusions of the Magistrate Judge. Accordingly, the Court **DISMISSES WITH PREJUDICE** Martin's claims as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

Further, the Court **ORDERS** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court **INSTRUCTS** the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED on August 23, 2022.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE